UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PENINSULA PETROLEUM, LTD.** | CIVIL ACTION NO. |
| VERSUS | SECTION " "  MAG. DIV. ( ) |
| M/V ORATORIO, IMO No. 9687679, her engines, boilers, tackle, furniture, apparel, etc., including 199.643 MT of VLSFO Bunkers aboard M/V ORATORIO, *in rem* | DISTRICT JUDGE: <br> MAGISTRATE JUDGE: |
| and | |
| **CYGNUS LINE SHIPPING SA,** *in personam* | |

## VERIFIED COMPLAINT FOR SEIZURE OF VESSEL TO ENFORCE A MARITIME LIEN AND FOR SEIZURE OF 199.643 MT OF BUNKERS

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Peninsula Petroleum, Ltd., and for its Complaint against M/V ORATORIO, her engines, boilers, tackle, furniture, apparel, appurtenances, etc., *in rem*, and against 199.643 MT of VLSFO Bunkers, and against Cygnus Line Shipping S.A., *in personam*, in a cause of action both civil and maritime, with respect represents that:

1.

This Honorable Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, Rules C and D of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and 46 U.S.C. § 31341, *et seq.*

2.

Venue is proper within this district pursuant to 28 U.S.C. § 1391(b) and (d).

7.

On September 17, 2020, pursuant to the order confirmation, 199.643 MT of VLSFO bunkers were delivered to M/V ORATORIO in the Port of Las Palmas, Spain. A copy of the Bunker Delivery Note is attached as Exhibit 3.

8.

On September 17, 2020, Peninsula Petroleum transmitted its Invoice No. 10159470 in the amount of US$60,394.69 for 199.643 MT of Bunkers addressed to United Bulk Carriers International S.R.L. and/or master and /or owner of M/V ORATORIO. Payment was due November 16, 2020 by wire transfer. Invoice No. 101159470 is attached as Exhibit 4.

9.

On October 8, 2020, Peninsula Petroleum received a Pre-bankruptcy composition plan from United Bulk Carriers International S.R.L. The Pre-bankruptcy composition plan is attached as Exhibit 5.

10.

Pursuant to the Peninsula Petroleum terms and conditions, Peninsula Petroleum demanded immediate payment of the bunkers by 17:00 hours on October 23, 2020. The Demand is attached as Exhibit 6. Despite the demand for payment, no payment for any portion of the bunkers delivered to M/V ORATORIO has been received by Peninsula Petroleum

11.

Section 10(b) of the Peninsula Petroleum Terms and Conditions of Sale provides, in part, as follows:

> b) *The Seller shall retain title to the Marine Fuels until the Seller has received full payment for the Marine Fuels and any other amounts and debts howsoever arising owed by Buyer to the Seller. Until receipt of such payments the Buyer agrees*

*that it is in possession of the Marine Fuels solely as bailee for the Seller, and shall not be entitled to:*

    *(i)    use the Marine Fuels other than for the propulsion or operational maintenance of the Vessel; or*

    *(ii)    blend, encumber, pledge, alienate, or surrender the Marine Fuels to any third party or other vessel.*

    c)    *Marine Fuels delivered pursuant to the Contract are sold and delivered on the financial credit of the Vessel as well as on the promise of the Buyer to pay. The Buyer therefore expressly warrants and agrees that:*

*(i)    the Marine Fuels are delivered with the authorization and on behalf of the Vessel, its registered owner, its Master, the charterers and/or agents of the Vessel;*

*(ii)    there is no provision in the applicable Vessel's charterparty (or similar contractual arrangement) which purports to limit the Vessel, Master, the charterers and/or agents or representatives of the Vessel from incurring a maritime lien;*

*(iii)    in addition to any other parties that may be listed as Buyer in the Confirmation, the Vessel and its registered owner are jointly and severally liable for payment of the Marine Fuels; and*

*(iv)    until the payments referred to in clause 10(b) above have been received in full by Seller, the Seller shall have a maritime lien, attachment and/or claim against the Vessel and/or Marine Fuels delivered. Such maritime lien, attachment and/or claim shall be without prejudice and in addition to any other remedy available to Seller. The Buyer shall not do anything nor enter into any agreement that will in any way prejudice the Seller's right or ability to assert or enforce any such maritime lien, attachment and/or claim. If the Marine Fuels have been commingled on board the Vessel, the Seller retains its right of maritime lien, attachment and/or claim against the Vessel and/or against such part of the commingled marine fuel as corresponds to the quantity of the Marine Fuels delivered.*

12.

Peninsula Petroleum asserts a maritime lien against M/V ORATORIO for necessaries and services provided to the vessel in the amount of $60,394.69 for bunkers, no part of which has been paid although duly demanded.

{B1714263.1}                                    4

13.

Additionally, Peninsula Petroleum retains legal title to 199.643 metric tons of VLSFO Bunkers currently aboard M/V ORATORIO and is entitled to be placed in possession of its property.

**WHEREFORE**, Plaintiff, Peninsula Petroleum, Ltd., prays that:

1. This Verified Complaint be deemed good and sufficient;

2. Process according to the rules and practices of this Honorable Court in causes of admiralty and maritime jurisdiction, particularly Supplemental Admiralty Rules C and D of the Federal Rules of Civil Procedure, issue against M/V ORATORIO, her engines, tackle, furniture, equipment, appurtenances, etc., and all other property aboard said vessel; particularly, against 199.643 metric tons of bunkers, *in rem;* and against Defendant, Cygnus Line Shipping S.A., *in personam*;

3. That after arrest, the Court permit Peninsula Petroleum, Ltd. the option to move the bunkers to a storage facility for safe keeping of the bunkers;

3. After due proceedings had, there be judgment in favor Peninsula Petroleum Ltd. and against M/V ORATORIO, *in rem,* and against Cygnus Line Shipping S.A., *in personam,* recognizing the Peninsula Petroleum's title and ownership of 199.643 metric tons of bunkers aboard M/V ORATORIO, together with interest, costs and attorney fees;

4. Alternatively, after due proceedings are had, there be judgment rendered in favor of Plaintiff, Peninsula Petroleum, Ltd. against M/V ORATORIO, *in rem*, and against Cygnus Line Shipping S.A., *in personam*, in the amount of $60,394.69;

5. M/V ORATORIO be condemned and sold to satisfy the judgment entered in favor of Plaintiff herein in the full amount of its claims, together with interest, costs and attorneys' fees;

6. Plaintiff prays for such other and further relief as in law, justice and equity it may be entitled to receive under the premises.

                    RESPECTFULLY SUBMITTED:

*/s/David L. Carrigee*
**DAVID L. CARRIGEE (#3892), T.A.**
**WILLIAM B. SCHWARTZ (#11854)**
**BALDWIN HASPEL BURKE & MAYER, LLC**
Energy Centre – Suite 3600
1100 Poydras Street
New Orleans, LA  70163
Telephone:  (504) 569-2900
Facsimile:   (504) 569-2099
Email: dcarrigee@bhbmlaw.com
**Attorneys for Plaintiff,**
**Peninsula Petroleum, Ltd.**

**PLEASE SERVE:**

M/V ORATORIO
Instructions as to the exact position and location of M/V ORATORIO in the Mississippi River will be provided to The United States Marshal's Office.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PENINSULA PETROLEUM, LTD. | CIVIL ACTION NO. |
| VERSUS | SECTION "    "  MAG. DIV. (    ) |
| M/V ORATORIO, IMO No. 9687679, her engines, boilers, tackle, furniture, apparel, etc., including 199.643 MT VLSFO Bunkers aboard M/V ORATORIO, *in rem* | DISTRICT JUDGE: |
| | MAGISTRATE JUDGE: |
| and | |
| CYGNUS LINE SHIPPING SA, *in personam* | |

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned Notary Public, personally came and appeared:

### DAVID L. CARRIGEE

who, after being duly sworn, deposed and said that he is counsel of record and attorney-in-fact for Peninsula Petroleum, Ltd., Plaintiff in the above and foregoing Complaint, and that all of the allegations contained in the foregoing Complaint are true and correct to the best of his knowledge, information and belief.

_____
DAVID L. CARRIGEE

Sworn to and subscribed before me

This 4th day of November, 2020.

_____
NOTARY PUBLIC



OFFICIAL SEAL
LILIA M. BEAU, NOTARY PUBLIC
ORLEANS PARISH NOTARY NO. 5609
ST. TAMMANY PARISH NOTARY NO. 11480
COMMISSION ISSUED FOR LIFE

{B1714263.1}
7