# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PENINSULA PETROLEUM, LTD.** | **CIVIL ACTION NO. 2:20-cv-02987** |
| **VERSUS** | **SECTION "E"    MAG. DIV. (5)** |
| **M/V ORATORIO, IMO No. 9687679,** her engines, boilers, tackle, furniture, apparel, etc., including 199.643 MT of VLSFO Bunkers aboard M/V ORATORIO, *in rem*, | **DISTRICT JUDGE: SUSIE MORGAN** **MAGISTRATE JUDGE: M. NORTH** |
| and | |
| **CYGNUS LINE SHIPPING SA,** *in personam* | |

## MOTION AND ORDER FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

PLAINTIFF, Peninsula Petroleum, Ltd., by and through its attorneys, Baldwin Haspel Burke & Mayer LLC, having appeared and made the following recitals:

1. On November 4, 2020, the Complaint herein was filed praying that the vessel M/V ORATORIO, her engines, tackle, apparel, furniture, equipment, 199.643 metric tons of bunkers, and all other necessities thereunto appertaining and belonging, be condemned and sold to pay Plaintiff's demands and claims and for other proper relief.

2. On November 4, 2020, the Clerk of this Court Issued a Warrant of Arrest of Vessel commanding the United States Marshal, for the Eastern District of Louisiana, to arrest and take into custody the Defendant vessel and to detain the same in his custody until further Order of the Court.

3. It is contemplated that the United States Marshal will seize the Defendant vessel forthwith. Custody by the United States Marshal requires the services of one or more keepers

{B1714424.1}

alone and not including changes for wharfage and the other services usually associated with safekeeping vessel to similar to this vessel.

4. The Defendant vessel is scheduled to arrive at Southwest Pass, Mississippi River, Plaquemines Parish, Louisiana, and Global Marine Security Inc. has agreed to assume the responsibility of safekeeping the said vessel and has consented to act as the custodian upon order of this Court, all for a sum, including wharfage and routine services required for the safekeeping of the particular vessel, at a rate of $35 per hour. The United States Marshal is unable to perform or to have performed at a comparable rate these same services. In any case, the transfer of the Defendant vessel to the substitute custodian for safekeeping will not be effected until the Court approves such custodianship and all such charges have been paid by the moving party.

5. Global Marine Security Inc. by affidavit appended hereto as Exhibit A and made a part hereof, avers that he has insurance of at least $1 million ($1,000,000) and adequate facilities and supervision for proper maintenance and safekeeping of the vessel, her engines, tackle, appurtenances, furnishings [cargo], etc., or for damage or injury sustained by third parties due to any acts, faults, or negligence of said substitute custodian or its agents. See Declaration of John D. Saltzman of Global Marine Security Inc. and Proof of Insurance, attached hereto as Exhibit A.,
It is

ORDERED that Global Maritime Security Inc., in consideration of the United States Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release to United States Marshal, the United States of America, their agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the vessel, her engines, tackle, appurtenances, furnishings [cargo],

[bunkers], etc. from the date of the transfer of possession of said vessel, her engines, tackle, appurtenances, furnishings [cargo], [bunkers], etc., and it is further

ORDERED that Global Maritime Security Inc. shall defend the United States of America, the United States Marshal, their agents, servants, employees and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and, further, shall indemnify and hold harmless and be responsible to pay and satisfy all claims and judgments that might arise out of said substitute custody and shall be responsible and indemnify and hold harmless the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, for all attorneys' fees, costs, expenses and disbursements incurred in defending against such claims or actions arising out of said substitute custody, and it is further

ORDERED that the United States Marshal for the Eastern District of Louisiana shall surrender the possession of the Defendant vessel to Substitute Custodian named herein upon executing the warrant in this action, and it is further

ORDERED that John d. Saltzman be, and is hereby, appointed the custodian of said vessel to retain the same in his custody for possession and safekeeping for the aforementioned compensation until further Order of the Court, and it is further

ORDERED that all United States Marshal's costs be paid prior to release of said vessel, and it is further

ORDERED that the substitute custodian must receipt for the vessel and the United States Marshal must attest to the date and time of release on a certified copy thereof, and it is further

ORDERED that Plaintiff's attorney will serve the owner of Defendant M/V ORATORIO with a copy of this Order.

DATED this _____ day of November, 2020, at New Orleans, LA:

                                    _____
                                    UNITED STATES DISTRICT JUDGE

Respectfully submitted:

*s/ David L. Carrigee*
_____
**DAVID L. CARRIGEE (#3892), T.A.**
**WILLIAM B. SCHWARTZ (#11854)**
**BALDWIN HASPEL BURKE & MAYER, LLC**
Energy Centre – Suite 3600
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 569-2900
Facsimile: (504) 569-2099
Email: dcarrigee@bhbmlaw.com
**Attorneys for Plaintiff,**
**Peninsula Petroleum, Ltd.**